**UNITED STATES of America, for the Use and Benefit of F. JACOBUS TRANSP. CO., Inc.**

v.

**ATLANTIC BASIN SHIPYARD, Inc., and American Surety Co. of New York.**

United States District Court,
E. D. New York.
Sept. 27, 1954.

Foley & Martin, New York City, for plaintiff, Ned J. Parsekian, New York City, of counsel.

Healy & Fusfeld, New York City, for defendants, David Fusfeld, New York City, of counsel.

RAYFIEL, District Judge.

The plaintiff moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The defendant Atlantic Basin Shipyard, Inc., made a cross motion for summary judgment, and the defendant American Surety Company of New York moved under Rule 15(d) of the said Rules for leave to amend paragraph 7 of its answer by alleging an event which occurred since the date of the service of its answer.

The plaintiff, F. Jacobus Transportation Co., Inc., hereinafter called "Jacobus", sues Atlantic Basin Shipyard Inc., hereinafter called "Atlantic", as principal, and American Surety Company of New York, hereinafter called "Ameri-

can", as surety. The plaintiff claims that it supplied "Atlantic" with a flatbarge for a period of 10 days, pursuant to its purchase order dated January 5, 1953, for use in connection with certain repairs to the U.S.N.S. Oberon, which were covered by a surety bond issued by the defendant "American", and that it has not received payment therefor.

"Atlantic" contends that it filed its petition in a proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., wherein "Jacobus" was listed as a creditor; that on May 24, 1954, an order was entered therein confirming a plan of arrangement and discharging it from all of its debts and liabilities, including that due the plaintiff herein; that the plan provided for the payment of 30% of the amount due each creditor; and that a check in the sum of $159.80, representing 30% of its claim, was sent to and retained by "Jacobus".

The plaintiff does not controvert those claims. In view of "Atlantic's" discharge from its obligations, as aforementioned, its motion for summary judgment is granted.

"American" contends that there were two agreements involved; one, Job order number 69, provided for various repairs to the Oberon, for which it was surety on the bond; and the other, Job order number 70, for the use of plaintiff's flatbarge, for which it was not surety. In fact, "American" claims that no bond was required under Job order number 70, and that therefore it is not liable to the plaintiff.

It is well established that a motion for summary judgment will not be granted where there is a triable issue of fact. There is such an issue here, and it cannot be determined on affidavits. The plaintiff's motion for summary judgment is therefore denied.

"American's" motion for leave to amend paragraph 7 of its answer as requested is granted.

Settle order on notice.